# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Michael Neudecker,** | **Civil No. 07-3506 (PJS/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **Shakopee Police Department,** **Quality Lifestyles, Inc. d/b/a** **Friendship Manor Health Care Center,** **Scott County Department of Human Services,** **Laurie McMillen,** **City of Shakopee,** **Scott County,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came to the undersigned on November 9, 2007 on defendant Quality Lifestyles' motion to dismiss (Doc. No. 7) and plaintiff Michael Neudecker's motion to amend his complaint (Doc. No. 20). Plaintiff Michael Neudecker appeared pro se. Jeffrey A. Egge, Esq., appeared for defendants City of Shakopee and the Shakopee Police Department. Megan D. Hafner, Esq., appeared for defendant Quality Lifestyles, Inc. Carol L. Casey, Esq., appeared for defendants Scott County, Laurie McMillen, and the Scott County Department of Human Services. The motion was referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

## I.  BACKGROUND

This litigation arises out of a letter that plaintiff Michael Neudecker sent to his elderly parents, residents of Friendship Manor Health Care Center (Friendship), a nursing home operated

by defendant Quality Lifestyles. For purposes of this report and recommendation, and consistent with its own usage, Quality Lifestyles will be referred to as Friendship.

According to Mr. Neudecker (Neudecker), staff at Friendship intercepted the letter and found that he made threats against his parents. Friendship forwarded the letter to officials at defendant Scott County Department of Human Services. They in turn referred the letter to defendant Shakopee Police Department. After investigating the letter, it cited Neudecker for disorderly conduct. The citation was later dismissed.

Neudecker then commenced this litigation. His current complaint has three counts. Two counts are claims under § 1983, for violations of free speech and due process. The other count is for malicious prosecution.

Friendship now brings a motion to dismiss, for failure to state a claim. It chiefly argues that it is a private entity, not acting under color of state law, so it cannot be liable under § 1983. Regarding the claim for malicious prosecution, it asserts that it had no role in the decision to prosecute, so it cannot be liable for this tort. And it invokes a state law that immunizes certain mandatory reporters, who care for vulnerable adults, from civil action. With his response to the motion, Neudecker brings a motion to amend his complaint, which purports to cure the defects identified in the motion to dismiss.

## II. DISCUSSION

Friendship moves to dismiss under Rule 12(b)(6). Under this rule, a defendant may move to dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When considering this question, a court shall only examine the pleadings, taking all

reasonable inferences in favor of the nonmoving party.  *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

A separate concern is raised by Neudecker's motion to amend their complaint, to which he has appended a proposed amended complaint.  In this context, it is proper for a court to consider the current complaint and the proposed amended complaint.  If the allegations in the proposed complaint are sufficient to resist dismissal, then it is an abuse of discretion for a court to grant a motion to dismiss.  *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

Friendship's first argues that, because it was not acting under color of state law, it cannot be liable under § 1983.  By its own language, the statute only reaches those acting under color of state law, which ordinarily excludes private actors.

This rule has two exceptions.  A private actor may be liable where it performs a function traditionally and exclusively reserved for the state.  *Reasonover v. St. Louis County*, 447 F.3d 569, 584 (8th Cir. 2006).  A private actor may also be liable where it engages in concerted action with state actors.  *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002).

In its supporting memorandum, Friendship focuses its argument on the issue of concerted action.  As it correctly notes, and as Neudecker evidently concedes, a report to the police is not enough to establish concerted action.  *See Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001).  Neudecker alleges, in his complaints, that Friendship notified county officials about the threatening letter.  But this allegation is not enough to show concerted action.

Instead of concerted action, Neudecker asserts that Friendship performed a function that is traditionally reserved for the state.  Consistent with the allegations in his proposed amended complaint, Neudecker argues the delivery and interception of mail are such traditional functions.

In response to this position, Friendship cites the decision of the District of Connecticut in *Cooper v. U.S. Postal Service*. 482 F.Supp.2d 278 (D.Conn. 2007). This case features a lengthy discussion about whether delivery of mail is a function traditionally reserved to the state. After carefully considering the historic role of the postal service, the *Cooper* court concluded that only "the delivery and carrying of letters over postal routes" is reserved to the state. Other functions, such as selling stamps and providing post office boxes, are not. *Id.* at 291-92.

Taking all reasonable inferences from his complaints, Neudecker essentially alleges that Friendship maintains mailboxes for the receipt of incoming mail, and then it screens that mail for its residents. Although Neudecker characterizes Friendship's conduct as an improper inspection of mail, Friendship's screening of its residents' mail is unrelated to carriage of letters over postal routes. This conduct is not sufficient to show that Friendship was performing a role reserved to the state.

The parties do not dispute that Friendship is a private actor. And when all reasonable inferences are taken from his complaints, Neudecker does not allege that Friendship engaged in concerted action with a state actor, or that it performed a function traditionally and exclusively reserved for the state. So it did not act under color of state law, and therefore, it cannot be held liable under § 1983. Neudecker's claims under this statute are properly dismissed for failure to state a claim.

Friendship's next argument is that Neudecker fails to make out a claim for malicious prosecution. According to Friendship, Neudecker does not allege that it had any role in the decision to prosecute. Where a government prosecutor independently makes this decision, Friendship argues, a private party cannot be liable for the tort.

This proposition has sound support. *Morgan v. McLaughlin*, 188 N.W.2d 829, 831-32 (Minn. 1971); *Dunham v. Roer*, 708 N.W.2d 552, 570 (Minn. App. 2006). Even taking all reasonable inferences in Neudecker's favor, his complaints lack any indication that Friendship had any role in the decision to prosecute. He fails to state a claim on this count as well, and therefore, Friendship's motion to dismiss may be granted in its entirety.[1]

In his proposed amended complaint, Neudecker parses his existing claim for malicious prosecution into two separate counts. One count is framed under § 1983; the other is evidently limited to the common law tort. Because the preceding arguments fully address both § 1983 and the tort, the additional count does not alter the outcome of the motion to dismiss.

The analysis on the motion to dismiss also controls Neudecker's motion to amend his complaint. A motion to amend may be denied as futile where the proposed amendment fails to state a claim. The relevant analysis, in this context, is the same as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). Because Friendship's motion to dismiss is being granted, and because Neudecker's corresponding motion to amend does not prevent dismissal, the latter is appropriately denied.

### III.   RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Quality Lifestyles' motion to dismiss (Doc. No. 7) be **GRANTED.**

2. Neudecker's motion to amend (Doc. No. 20) be **DENIED.**

---

[1] Friendship also argues that it is immune from liability under Minn. Stat. § 626.557. As the preceding analysis fully determines Friendship's motion to dismiss, it is not necessary to reach the question of immunity under this statute.

3. All claims against Quality Lifestyles be **DISMISSED WITH PREJUDICE** and this party be dismissed from this litigation.

Dated this 27th day of November, 2007.

                                                s/ Jeanne J. Graham
                                                JEANNE J. GRAHAM
                                                United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **December 11, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.